UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 13-23688-CIV-MARRA

In re:

GUSTAVO ADOLFO LORENZO
ELSA JEANETTE LORENZO BIANCHI

Debtor

_____/

**OPINION AND ORDER**

This cause is before the Court upon Appellees' Motion to Strike Notice of Appeal or

Dismiss Appeal (DE 6); Appellant's Motion for Leave to File Initial Brief Out of Time (DE 9);

Appellees' Motion to Dismiss Appeal, Strike Brief or Strike Statement of Facts (DE 12);

Appellant's Motion to Appoint Counsel (DE 14) and Appellant's Motion to Dismiss Appeal (DE

16).  The Court has carefully considered the Motions and is otherwise fully advised in the

premises.

I.  Background

On October 11, 2013, Appellant filed his Notice of Appeal of an April 1, 2013

bankruptcy court order granting the Appellees/Debtors' motion to reopen the case pursuant to 11

U.S.C. § 350 to add omitted creditor(s) and a June 5, 2013 bankruptcy court order denying

Appellant's motion for rehearing of the April 1, 2013 order reopening the case.  Appellant is the

plaintiff in a pending state court lawsuit against Appellees in which Appellant alleges that he is

the assignee of a promissory note ("the debt") executed by Appellees in 1986.  The reopening

order allowed Appellees to reopen the case to add the debt and directed Appellees to file an

adversary proceeding to determine the dischargeability of that debt.  (DE 1.)

On November 6, 2013, this Court entered an Order to Show Cause why the case should

not be dismissed for Appellant's failure to prosecute the appeal. (DE 5).  That same date,

Appellees filed a motion to dismiss the bankruptcy appeal, arguing that the bankruptcy court's

reopening order is interlocutory. (DE 6.)  Appellant filed a response to the motion to dismiss as

well as his own motion for leave to file an initial brief out of time. (DE 8.)  Appellant then filed

his initial brief on November 26, 2013. (DE 10.)  Subsequently, Appellees filed a motion to

dismiss Appellant's initial brief for various alleged procedural deficiencies. (DE 12).  Finally,

Appellant filed a motion to appoint counsel.  (DE 16.)

II. Discussion

The Court will begin by addressing Appellant's request for the appointment of counsel.

The Eleventh Circuit has addressed this issue and has explained that  "[a] civil litigant ... has no

absolute constitutional right to the appointment of counsel. The appointment of counsel is instead

a privilege that is justified only by exceptional circumstances, such as where the facts and legal

issues are so novel or complex as to require the assistance of a trained practitioner." Dean v.

Barber, 951 F.2d 1210, 1216 (11th Cir. 1992).  Here, the Court finds that there is no justification

for the appointment of counsel in this matter and Appellant's request for appointed counsel is

denied.

The Court will now address the question of the interlocutory appeal.  District courts have

jurisdiction to review appeals from final bankruptcy court judgments, orders and decrees. 28

U.S.C. § 158(a).  Section 158(a)(3) also authorizes a district court to grant leave to appeal an

interlocutory order from a bankruptcy court, but requires a party to obtain leave prior to

proceeding.  To appeal a bankruptcy court's interlocutory order, a party must file a notice of

appeal, accompanied by a motion for leave to appeal.  Fed. R. Bankr. P. 8001(b). Even if a

motion for leave to appeal is not filed, but a notice of appeal is timely filed, "the district court . . .

may grant leave to appeal or direct that a motion for leave to appeal be filed . . . ." Fed. R. Bankr.

P. 8003(c).  The bankruptcy court's order reopening of the case as well as the order denying

rehearing of that order are interlocutory orders.  General Lending Corp. v. Cancio, No.

10–CV–23903, 2011 WL 4424427, at * 1 (S.D. Fla. Sept. 22, 2011);  Hampton v. U.S. Dept. of

Housing and Urban Development, 203 B.R. 750, 753 (M.D. Fla.1996).  Even though Appellant

has not sought leave to take an interlocutory appeal, the Court will consider whether leave to

appeal should be granted.

District court are authorized to grant leave to hear appeals of interlocutory orders entered

by a bankruptcy court pursuant to 28 U.S.C. § 158(a).  However, that provision does not provide

the district court with any criteria for determining how to exercise its discretionary authority to

grant a leave to appeal.  Therefore, a district court must instead turn to 28 U.S.C. § 1292(b)

which governs discretionary interlocutory appeals from district courts to the courts of appeals. In

re Charter Co., 778 F.2d 617, 620 n.5 (11th Cir. 1985).  In order to grant interlocutory review

under 28 U.S.C. § 1292(b), a party must demonstrate that (1) the order presents a controlling

question of law (2) over which there is a substantial ground for difference of opinion among

courts, and (3) the immediate resolution of the issue would materially advance the ultimate

termination of the litigation.  See McFarlin v. Conseco Svcs., LLC, 381 F.3d 1251, 1255 (11th

Cir. 2004).

Even applying these factors, the moving party still has "the burden of persuading the

court that exceptional circumstances justify a departure from the basic policy of postponing

appellate review until after the entry of final judgment." <u>Coopers & Lyband v. Livesay</u>, 437 U.S. 463, 475 (1978) (in discussing the role of the court of appeals in interlocutory appeals). Moreover, district courts should allow interlocutory bankruptcy appeals sparingly since interlocutory bankruptcy appeals should be the exception, not the rule. <u>United States Trustee v. PHM Credit Corp.</u>, 99 B.R. 762, 767 (E.D. Mich. 1989). Put another way, "[r]outine resort to [section] 1292(b) requests would hardly comport with Congress' design to reserve interlocutory review for exceptional cases while generally retaining for the federal courts a firm final judgment rule." <u>Caterpiller Inc. v. Lewis</u>, 519 U.S. 61, 74 (1996) (internal quotation marks omitted).

With these principles in mind, the Court exercises its discretion and denies leave to appeal. Appellant has not met any of the standards for a discretionary interlocutory appeal. In particular, Appellant can not show that there is a question of controlling law. Indeed, under 11 U.S.C. § 350(b), "[a] case may be reopened in the court in which such case was closed to administer assets, to accord relief to the debtor, or for other cause." 11 U.S.C. 350(b). A decision to reopen a bankruptcy case is within the sound discretion of the bankruptcy court. <u>Dennis v. Poff</u>, No. 09–11634, 2009 WL 2776468, at *2 (11th Cir. Sept. 2, 2009). As such, the bankruptcy orders appealed here involve an exercise of discretion, and not a controlling question of law. Consequently, there can be no substantial ground for difference of opinion among courts. Once the bankruptcy court has rendered its final judgment, Appellant will be in a position to take a direct appeal to challenge any and all rulings of the bankruptcy judge, including factual rulings and legal rulings. By following that approach, judicial efficiency will best be served.

III. Conclusion

Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

1)      Appellees' Motion to Strike Notice of Appeal or Dismiss Appeal (DE 6) is

        **GRANTED.**  The Court has construed the Notice of Appeal as a Motion for

        Leave to Appeal.  The motion for leave to appeal is denied.

2)      Appellant's Motion for Leave to File Initial Brief Out of Time (DE 9) is

        **GRANTED**.

3)      Appellees'  Motion to Dismiss Appeal, Strike Brief or Strike Statement of Facts

        (DE 12) is **DENIED AS MOOT**.

4)      Appellant's Motion to Appoint Counsel (DE 14) is **DENIED**.

5)      Appellant's Motion to Dismiss Appeal (DE 16) is not a motion but a response to a

        motion.  The Clerk shall therefore terminate this for statistical purposes.

6)      The Clerk shall close this case and all pending motions are denied as moot.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County,

Florida, this 24th day of January, 2014.

_____
KENNETH A. MARRA
United States District Judge